United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ROLE P PAKA SAINTE AGNES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01488** |
| | § | |
| **MARKWAYNE MULLLINS, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Paka Sainte Agnes Role Princillia's ("Petitioner" or "Ms. Princillia") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**.

## Background

Petitioner entered the United States on December 24, 2024, with the intent to seek asylum due to persecution in her native country of Congo. (Dkt. 9 at 3.) She was detained shortly after entry and has remained in ICE custody since entering the United States. (Dkt. 1 at 2.) Petitioner was initially placed in expedited removal proceedings, and referred for a credible fear interview. (Dkt. 9 at 3.) Due to the unavailability of an interpreter, Petitioner was first served with a discretionary Notice to Appear. (*Id.* at 18.) Shortly after, in February of 2025, Petitioner was served with a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. (*Id.* at 19). In November of 2025, an Immigration Judge (IJ) denied Petitioner's application for asylum, and

granted Petitioner's withholding of removal under the Convention Against Torture and INA § 241(b)(3) and deferral of removal under the Convention Against Torture. (*Id.* at 22.) Petitioner filed a timely appeal of the IJ's decision denying asylum to the Board of Immigration Appeals (BIA) which remains pending. (*Id.* at 6.)

Petitioner has remained in immigration detention without an individualized determination of the need for detention for over 21 months since being apprehended by DHS in December of 2024. Petitioner filed her Petition for Writ of Habeas Corpus on August 21, 2026. (Dkt. 1.) Petitioner argues that her current prolonged detention without an individualized determination of the need for detention violates her rights under the Immigration and Nationality Act (INA) and the Fifth Amendment. (*Id.* at 5–6.) The Court ordered Respondents to Respond to Petitioner's Petition on or before August 28, 2026. (Dkt. 7.) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2), and that Petitioner failed to assert a valid Due Process claim, (Dkt. 9 at 6).[1] Petitioner filed a timely

---

[1] Respondents also argue that no relief should be granted on Petitioner's due process claim because of the stay issued in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). (*See* Dkt. 9 at 4–6.) On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g.*, *Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v.*

reply to Respondents' response arguing Respondents fail to effectively rebut her due process claims and emphasizing that that even if she is detained pursuant to 8 U.S.C. § 1225(b)(2), her prolonged detention without an individualized determination of the need for detention violates her rights under the Due Process clause of the Fifth Amendment, (Dkt. 10 at 2).

**<u>Discussion</u>**

The central question before the Court is whether Petitioner's immigration detention of over 21 months without an individualized determination of the need for detention violates her rights under the Due Process Clause of the Fifth Amendment. (*See* Dkt. 1 at 2; Dkt. 9 at 6.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri* the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri* in this context where Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(2) as an applicant for admission without ever

---

*Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.,* 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026). Moreover, Petitioner's as applied due process challenge differs from the petitioners in *Sosnava Rodriguez* because she was detained shortly after entry and has been for nearly 20 months since being apprehended whereas the petitioners in *Sosnava Rodriguez* had been living in the United States for many years prior to their apprehension by ICE. *See Rodriguez v. Ortega*, 180 F.4th 702, 711 (5th Cir. 2026), *reh'g en banc granted, opinion vacated*, 2026 WL 2014647 (5th Cir. July 10, 2026).

having established a presence in the United States and likewise analyzes Petitioner's claim under each of the *Mathews* factors..[2]

Here, the Court finds that all three *Mathews* factors weigh in favor of Petitioner. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335)).

First, Petitioner's private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Ms. Princillia has been detained for over 21 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of

---

[2] Respondents assert that the correct test for determining Petitioner's due process rights is the test set out in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) as articulated by the D.C. Circuit Court in Make the Rd. *New York v. Mullin*, 179 F.4th 16, 33 (D.C. Cir. 2026). (*See* Dkt. 9 at 11–12.) The Court rejects Respondents' argument and finds that *Mathews* provides the appropriate framework for Petitioner's as-applied due process claim for the reasons set forth in its decision in *Giri*. *See* 2026 WL 1361557, at *10–11.

detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioner is "being detained despite the fact that [she] is neither a flight risk nor a danger to the community, the Government is erroneously depriving [her] of [her] freedom." *See Rashid*, 807 F. Supp. 3d at 369. Petitioner has not received *any* process to consider whether her current detention of over 21 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioner's favor.

Finally, the Court finds that the Government's interest in detaining Petitioner without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th

133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioner is not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioner. Finally, there is minimal administrative burden where immigration courts already regularly make custody determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1. Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioner's favor.

Thus, the Court holds that because Petitioner's detention has become unconstitutionally prolonged and violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during her removal proceedings or harming the community. *See Giri*, 2026 WL 1361557, at *13.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9), is **DENIED**. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), and Emergency Motion to Expedite Consideration of Petition for Writ of Habeas, (Dkt. 3), are **DISMISSED AS MOOT**.

1. Respondents are **ORDERED** to provide Petitioner with an individualized custody review before an immigration judge at which **the Government bears the burden of proving, by**

**clear and convincing evidence**, that Petitioner presents a risk of flight or a danger to the community. At the bond hearing, the Immigration Judge is also directed to consider the availability of alternatives to detention and conditions of supervision in determining whether Petitioner is a flight risk. Respondents must provide this hearing **within 10 days of the issuance of this Order, or else Respondents must release Petitioner. Respondents must also notify Petitioner of the bond hearing at least 5 days in advance.**

2. Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioner's custody status within **11 days of the issuance of this Order.**

3. If Petitioner is released from custody, Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

IT IS SO ORDERED.

SIGNED this September 2, 2026.

Diana Saldaña
United States District Judge